COMMUNITY STORES, INC., a corporation of the State of Delaware, d. b. a., *v.* CLARENCE B. DEAN, p. b .r.

(*March* 18, 1940.)

RODNEY and SPEAKMAN, J. J., sitting.

*Henry R. Isaacs* for d. b. a.

*Sydney Hoffman* and *Abraham Hoffman* for p. b. r.

Superior Court for New Castle County, Nos. 193 and 256, September Term, 1939.

RODNEY, J., delivering the opinion of the court:

From the foregoing facts two questions arise, (1) did the agreement of July 15, 1939, executed by Community Stores, Inc., Dean and Donovan, under which Dean and Donovan were each to receive $35 per week for their services so long as they remained in the employ of the company, and which reserved no express power of alteration by the directors, constitute a contract of hiring or other enforceable contract; and (2) did the directors have the power to alter the contract of July 15, 1937, by their subsequent action under the resolution of August 31, 1937, to reduce Dean's salary or to affect his rights without his consent, other than by a severance of his connection with the company. These questions we shall consider in their reverse order.

■ Much argument has been devoted to the question of authority to enact or annul by-laws, and a number of exhibits have dealt with that subject. To us this question does not seem important. The contract of July 15, 1937, was signed by Community Stores, Inc., by Dean and by Donovan. At the time Dean was the sole stockholder of Community Stores, and its exclusive owner, and he and his wife were the only directors. Donovan was the sole additional stockholder in contemplation, and this intention to make him the sole additional stockholder was carried out. When Dean signed the contract on behalf of the Community Stores as its president he, being the sole stockholder, was unhampered by either the absence of authorizing by-law or by the restraining force of any existent by-law. In *Realty Acceptance Corporation v. Montgomery*, (3 *Cir.*) 51 *F. 2d* 636, Judge Morris said: "Corporation acting as sole stockholder of another corporation was unhampered by by-laws, fiduciary relations, or law of public policy in employing president."

In speaking of the actions of a sole stockholder the court in *Cawthra v. Stewart*, 59 *Misc.* 38, 109 *N. Y. S.* 770, 773, said:

"Such terms as 'authority' and 'ratification' and others which imply separate personalities are inappropriate. We do not have a case of agency, but of identity. It cannot properly be said that the corporation could clothe [the sole stockholder] with authority any more than that [the sole stockholder] could clothe himself with authority. He was the corporation, and it was only another form of him. Whatever he did with respect to the matters he was handling under the guise of a corporation was the act of the corporation."

See, also, article on wholly owned corporations, 51 *Harvard Law Review* 1373.

It is true that in the cited cases there was involved some rights acquired by third parties as the result of the action of the sole stockholder. In these present cases the former sole stockholder himself seeks to sustain the action. But under the present facts such difference seems imma-

terial. It must be conceded that if by the contract of July 15th made by a sole stockholder for the corporation, an entirely independent party became entitled to a fixed salary so long as he remained with the company, that then the company could not at its option reduce such salary. If the employment was not for a fixed period the company could dispense with the services and thus put an end to the contract, but it could not, while availing itself of his services, entirely change the terms of the contract against his will.

By the contract of July 15th the sole stockholder agreed to turn over the entire management of the company and to become a minority stockholder; it was agreed that while he, Dean, was employed by the company he was to receive $35 per week from the company. That contract needed no ratification, for there was no one to ratify it—every stockholder then existent or in prospect was a party to the contract. The relation of Dean to the company could be severed, as it was on August 11, 1939, but until the severance of that relation the contract was in force, and we think constituted an enforceable contract of employment. No claim is made for any compensation after the severance of Dean from the affairs of the company.

Neither pleading nor proof raises any question of the priority of the claim for services by Dean as against any claim of a similar nature by Donovan, nor as to present inability of the defendant to pay both.

Judgment must be entered in each case in favor of Clarence B. Dean, the plaintiff below respondent, and against Community Stores, Inc., the defendant below appellant, for the respective amounts as claimed by the said plaintiff.